UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CAO YINTANG, #A-079-339-456,

    Petitioner,

v.                                        Civil Action No. 2:17-CV-30

RICHARD CROPP, *et al.*,
    Respondents.

## REPORT AND RECOMMENDATION

Petitioner Cao Yintang (Yintang) filed a pro sé habeas petition pursuant to 28 U.S.C. § 2241 seeking release from immigration detention pending his removal to China. (See Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 at 7, ECF No. 1).[1] Because U.S. Immigration & Customs Enforcement (ICE) released Yintang from custody subject to an order of supervision, his request for release is moot. Additionally, Yintang is not entitled to attorney's fees or costs because he was not represented by an attorney. Therefore, the undersigned recommends that the Respondent's Motion to Dismiss be GRANTED and that the Petitioner's habeas petition be DENIED and DISMISSED.

## I. STATEMENT OF THE CASE

According to the Declaration of John Killian, Deportation Officer for ICE, Yintang was convicted for trafficking counterfeit goods in violation of 18 U.S.C. § 2320 on April 8, 2014. (Mem. of Law in Supp. of Resp't's Mot. to Dismiss Ex. 2 ¶ 6, ECF No. 9). He was sentenced to eighteen months' imprisonment. (Mem. Ex. 2 ¶ 6). After serving his sentence on the federal felony charge, an immigration judge ordered Yintang's removal to the People's Republic of

---

[1] The case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Rule 72(b) of the Federal Rules of Civil Procedure.

China, his country of citizenship. (Mem. Ex. 2 ¶ 9). The removal order was finalized on May 20, 2016. (Mem. Ex. 2 ¶ 10). While awaiting removal, Yintang was detained without bond. (Pet. 4 ¶ 18). Yintang filed a petition for habeas corpus on January 18, 2017 seeking (1) immediate release from custody and (2) attorney's fees and reasonable costs. (Pet. 7). On March 29, 2017, Yintang was released from the ICE detention facility in Farmville, Virginia subject to an order of supervision. (Mem. Ex. 2 ¶ 11). He is no longer in the custody of ICE. (Mem. Ex. 2 ¶ 12).

Because ICE released Yintang from custody, Respondents moved to dismiss as moot his habeas petition in the Eastern District of Virginia. (Resp't's Mot. to Dismiss at 2, ECF No. 8). Petitioners notified Yintang of his ability to oppose the Motion to Dismiss and the potential consequences from his failure to do so. (Roseboro Not. 1-2, ECF No. 10). Yintang did not file a response and the time to respond has now expired.

## II. ANALYSIS

### A. Yintang's Claim Under His § 2241 Habeas Petition is Moot Because ICE Released Yintang From Custody Subject to an Order of Supervision

Article III, Section 2 of the U.S. Constitution explains that federal courts only have jurisdiction over active cases and controversies. U.S. Const. art. III § 2. The doctrine of mootness stems from this limitation. A case becomes moot if "events occur subsequent to the filing of a lawsuit that divest the court of the ability to award meaningful relief." Watson v. INS, 112 F.Supp. 2d 838, 839 (E.D. Va. 2003) (citing Ross v. Reed, 719 F.2d. 689, 693-94 (4th Cir. 1983)). And a moot action does not qualify as an "active case or controversy." Watson, 271 F. Supp. 2d. at 839(quoting Adler v. Duval Cnty. Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1977)). Thus, a federal court may not preside over a moot case.

When a habeas petition specifically challenges pre-removal detention, the petition becomes moot when the petitioner is released from detention. Alvarez v. Conley, 145 Fed. App'x

428, 429 (4th Cir. 2005) (dismissing habeas petition as moot because petitioner was released from detention). This is so even if the petitioner remains under an order of supervision. See Roberts v. Lynch, No. 3:16-CV-179, 2016 WL 6662701, at *1-2 (E.D. Va. Nov. 10, 2016) *Report & Recommendation adopted by* 2016 WL 6662701 (E.D. Va. Nov. 10, 2016) (discussing that the habeas petition was moot because petitioner was released subject to an order of supervision); Al-Salahi v. Loiselle, No. 2:06-CV-102, 2006 WL 2709682, at *3-4 (E.D. Va. Sept. 19, 2006)(same).

Yintang's petition is moot because ICE released him from custody subject to an order of supervision. (Mem. of Law in Supp. of Resp't's Mot. to Dismiss Ex. 2-3, ECF No. 9). Like the petitioners in Alvarez, Roberts, and Al-Salahi, Yintang challenged his pre-removal detention, but did not challenge the reasons for his removal. Thus, an order from this Court ordering Yintang's release as requested in the petition would provide no relief because he is no longer detained.

There are two general exceptions to the mootness doctrine: (1) issues causing "collateral consequences," and (2) issues "capable of repetition, yet evading review." Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986) (quoting Carafas v. Lavallee, 391 U.S. 234, 237). Neither exception applies to this case. Because Yintang specifically challenged his pre-removal detention, but not the reasons underlying his removal, his release from custody caused, "no collateral consequences which the petition could address." See Ampadu v. Crawford, No. 2:16-CV-612, 2017 WL 772917, *2 (E.D. Va. Jan. 27, 2017) *Report and Recommendation adopted by* 2017 WL 772911 (Feb. 27, 2017) (holding no collateral consequences when petitioner was deported after filing his petition); see Roberts, 2016 WL 6662741, at *1.

The matter is also not "capable of repetition, yet evading review." Murphy v. Hunt, 455 U.S. 478, 482 (1982). Because ICE released Yintang from custody, there is no evidence that

3

Yintang might be subjected to the detention complained of again. If he were detained again, he could renew his petition. Moreover, the constitutional prohibition against prolonged pre-removal detention is well established. Zadvydas v. Davis, 533 U.S. 678, 702 (2001). Therefore, because neither exception to the mootness doctrine applies, Yintang's request for release from custody in his § 2241 petition is moot.

### B. Yintang is Not Entitled to Attorney's Fees or Costs

Although Yintang apparently achieved the result he was seeking by obtaining release after filing his petition, he is not entitled to reimbursement for attorney's fees he as requested. (Pet. 7). Yintang proceeded without counsel. (Pet. at 7, ECF No. 1). A pro-se litigant may not recover attorney's fees under the EAJA. Kooritzky v. Herman, 178 F.3d 1315, 1319 (D.C. Cir., 1999); SEC v. Price Waterhouse, 41 F.3d 805, 808 (2d Cir. 1994). Had Yintang hired an attorney, he may have been entitled to attorney's fees. See Kholyavskiy v. Schlecht, 479 F.Supp. 2d. 897, 901 (E.D. Wis. 2007)(holding that the government unambiguously waived its sovereign immunity in the EAJA with regard to attorney's fees and costs in habeas cases); but see O'Brien v. Moore, 395 F.3d 499, 501 (4th Cir. 2005)(holding that Plaintiff was not entitled to attorney's fees because government did not unambiguously waive its sovereign immunity in the EAJA with regard to attorney's fees and costs in a habeas case).

### III. RECOMMENDATION

Because Yintang was released from custody under an order of supervision, there is no longer an active case or controversy and the request for his release is moot. Additionally, attorney's fees and costs are not available because Yintang did not hire an attorney and therefore incurred no fees. Accordingly, the undersigned recommends that the Respondents' Motion to

Dismiss be GRANTED and that Yintang's Petition for Writ of Habeas Corpus under 28 U.S.C § 2241 be DENIED and DISMISSED as moot.

## IV.  REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ 
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

June 22, 2017